UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHUKWUMA E. AZUBUKO,

        Plaintiff,

-against-

UNIVERSITY OF LONDON &
EDUCATIONAL TESTING SERVICE,

        Defendant.

18-CV-10890 (LLS)

ORDER

LOUIS L. STANTON, United States District Judge:

    Plaintiff filed this action *pro se*, alleging that in 1995, he registered for courses at the University of London. He asked this Court to order the University of London "to change the F grades to at least B grades," and pay compensatory and punitive damages totaling $1 billion. Plaintiff admitted in his complaint that this was "not the first lawsuit on the case" but that he "deem[ed] it advisable to re-litigate with hope of getting justice this time." On February 19, 2019, the Court dismissed the complaint and directed Plaintiff to show cause why he should not be barred from filing any further actions in this Court *in forma pauperis*, that is, without prepaying the filing fee, unless he first obtains permission from this Court to file his complaint.[1]

    Plaintiff filed a declaration in response, but the Court held that the declaration failed to provide a sufficient reason not to impose the bar. This matter is now before the Court on

---

[1] By order dated May 10, 2001, then-Chief Judge Thomas P. Griesa imposed a limited prefiling injunction on Plaintiff, barring him from filing any future actions in this Court "regarding his litigation in Massachusetts" without first obtaining from the Court leave to file. *See Azubuko v. Martin II*, No. 00-CV-2581 (TPG) (S.D.N.Y. May 10, 2001); *Azubuko v. Bank Boston of Mass.*, No. 00-CV-2582 (TPG) (S.D.N.Y. May 10, 2001). Plaintiff recently filed several other actions in this Court, which were dismissed pursuant to that order. *See, e.g., Azubuko v. Eastern Bank, Inc.*, No. 18-CV-11029 (LLS) (S.D.N.Y. Nov. 28, 2018) (dismissed for failure to comply with the May 10, 2001 bar order); *Azubuko v. Wilkins*, No. 18-CV-11466 (LLS) (S.D.N.Y. Dec. 10, 2018) (same); *Azubuko v. United States*, No. 18-CV-992 (CM) (S.D.N.Y. Oct. 31, 2018) (same).

Plaintiff's motions for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure. (ECF Nos. 7-8.) After reviewing the arguments in Plaintiff's submissions, the Court denies the motion.

## DISCUSSION

Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

In his motion, Plaintiff argues, for example:

> Plaintiff was greeted characteristically with abuse of process, travesty of justice, miscarriage of justice. These bases tolls [sic] *res judicata* or collateral estoppel. When there is no finality of judgment, then *res judicata* is tollable. Plethora of precedents exists vis-à-vis the matter in question. In short, *res judicata* like statute of limitations is tollable . . .
>
> The Plaintiff and Lawsuit Filings with the court should not be misconstrued as a turpitude or a crass unlawful act indeed . . .

(Pl. Mot., ECF No. 7, at 5.) The Court has considered all of Plaintiff's arguments, and even under a liberal interpretation of his motion, Plaintiff has failed to allege facts demonstrating that any of the grounds listed in the first five clauses of Fed. R. Civ. P. 60(b) apply. Therefore, the motions under any of these clauses is denied.

To the extent that Plaintiff seeks relief under Fed. R. Civ. P. 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v.*

*Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted). Plaintiff has failed to allege any facts demonstrating that extraordinary circumstances exist to warrant relief under Fed. R. Civ. P. 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

Plaintiff's second motion appears to be largely a copy of the first motion. The second motion was mailed to the Court of Appeals but was filed on this Court's docket. Plaintiff does not make any arguments in his second motion that would provide a basis for altering the order of dismissal or the order barring Plaintiff from proceeding *in forma pauperis* without leave of court.

## CONCLUSION

Accordingly, Plaintiff's motions for reconsideration (ECF Nos. 7-8) are denied. The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

Plaintiff's case in this Court under docket number 18-CV-10890 (LLS) is closed. The Court will accept further documents for filing in this action only if they are directed to the United States Court of Appeals for the Second Circuit.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Dated: April 9, 2019
       New York, New York

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.